**The Honorable Robert J. Bryan**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHAWN L. PORTMANN,<br>Defendant. | NO. 3:11-CR-05394-BHS-1<br>**United States' Motion to Require Payment from Inmate Trust Account**<br>**Register#: 41496-086**<br>**Note for Motion Calendar: September 15, 2017** |

Plaintiff, United States of America, moves under 18 U.S.C. § 3664(n), for entry of an Order requiring the Bureau of Prisons (BOP) to turn over to the Clerk of Court funds held in the inmate trust account for Defendant Shawn L. Portmann (Mr. Portmann), to pay the criminal monetary penalties imposed in this case. As further explained below, section 3664(n) requires this relief because Mr. Portmann has received "substantial resources" during his incarceration that must be applied to his outstanding restitution debt.

**BACKGROUND**

On March 29, 2013, the Court entered an Amended Criminal Judgment against Mr. Portmann for Conspiracy to Submit False Statements in Loan



UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

Applications and to Make False Statements to the Department of Housing and Urban Development (HUD), and Submitting False Statements in Loan Applications. Dkt. no. 171 at 1. The Court sentenced Mr. Portmann to 60 months in prison for Count 1, and 120 months in prison for Count 2, to be served concurrently, followed by five years of supervised release. *Id.* at 2-3. The sentence also required Mr. Portmann to pay a Special Assessment of $200 and Restitution in the amount of $4,823,214.49. *Id.* at 5. The outstanding balance as of August 21, 2017, is $4,739,355.13. Declaration of Dawn Fernandez (Fernandez Decl.) ¶ 3. The Amended Judgment made the entire restitution amount "due immediately." Dkt. no. 171 at 6. In the event that Mr. Portmann could not pay in full immediately, the Court prescribed a minimum payment schedule, but required him to "pay more than the amount established whenever possible." *Id.* Further, the Amended Judgment ordered Mr. Portmann to "notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in [his] financial circumstances that might affect the ability to pay restitution." *Id.*

Mr. Portmann continues to serve his sentence at Federal Correctional Institution Sheridan in Sheridan, Oregon. The U.S. Bureau of Prisons (BOP) has scheduled his release for November 2, 2021.[1] The U.S. Attorney's Office recently learned that Mr. Portmann currently has a balance of more than $7,200.00 in his inmate trust account maintained by the BOP. Fernandez

---

[1] Mr. Portmann's release date may be confirmed at this BOP website: https://www.bop.gov/inmateloc/ (last visited August 21, 2017).



**UNITED STATES ATTORNEY'S OFFICE**
**700 STEWART STREET, SUITE 5220**
**SEATTLE, WA 98101**
**PHONE: 206-553-7970**

Decl. ¶ 4. The BOP establishes inmate trust accounts to maintain inmates' monies received from prison employment, friends and family, and other sources. 28 C.F.R. §§ 506.1. At the request of the U.S. Attorney's Office, the BOP has "encumbered" Mr. Portmann's inmate trust account to prevent him from withdrawing funds that would reduce his account balance below $4,739,355.13, pursuant to BOP Program Statement 4500.11, *Trust Fund / Deposit Fund Manual*, Section 8.8. *Available at* *https://www.bop.gov/policy/progstat/4500_011.pdf* (last visited August 22, 2017). Fernandez Decl. ¶ 5. The United States now moves for an order authorizing the BOP to turn over funds from Mr. Portmann's inmate trust account to the Clerk of Court, in an amount not to exceed his $4,739,355.13 restitution debt.

## ARGUMENT

When a federal defendant owes restitution and "receives substantial resources" during his incarceration, the law requires the defendant to use those resources to pay the outstanding restitution. Specifically, 18 U.S.C. § 3664(n) provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

*See United States v. Kaczynski*, 416 F.3d 971, 975, n.7 (9th Cir. 2005) (*dictum* noting that 18 U.S.C. § 3664(n) prohibits returning to incarcerated defendant proceeds from sale of seized assets; proceeds must be paid towards



UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

restitution). Section 3664(n) applies squarely to Mr. Portmann, who remains in federal custody, owes $4,739,355.13 in restitution, and has received funds in prison that bring his inmate trust account balance above $7,200.00. As such, Mr. Portmann must "be required to apply" funds from his inmate trust account to his restitution debt. 18 U.S.C. § 3664(n). Further, the Amended Judgment's restitution order is a lien on "all" of Mr. Portmann's "property and rights to property," which gives the United States a "cognizable claim of ownership" of property needed to satisfy the restitution order. 18 U.S.C. § 3613(c) & (f); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). Accordingly, the United States has the right to enforce the restitution order *in rem* against all of Mr. Portmann's nonexempt property, including his BOP inmate trust account.

Moreover, the terms of Mr. Portmann's Amended Judgment provide a second, independently sufficient basis to order that his inmate trust account funds be used to pay restitution. Dkt. no. 171. The Amended Judgment makes payment of the full amount of restitution "due immediately," explains that its prescribed payment schedule is a floor, not a ceiling, and demands that Mr. Portmann "pay more than the amount established whenever possible." *Id.* at 6. These payment schedule terms supplement—not limit—the United States' *in rem* enforcement rights and obligate Mr. Portmann *in personam* to repay his restitution debt at no less than the prescribed minimum rate. *See, e.g.*, *United States v. Ekong*, 518 F.3d 285, 286-87 (5th Cir. 2007) (per curiam); *United States v. Lawrence*, 538 F. Supp. 2d 1188,



UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

1193 (D.S.D. 2008). If Mr. Portmann were to default on the payment schedule, he would be subject to the Court's authority to hold him in contempt, resentence him, or revoke a term of supervised release. 18 U.S.C. §§ 3613A & 3614. *Lawrence*, 538 F. Supp. 2d at 1193. *See also* Fed. R. Civ. P. 70 (Court has injunctive powers to enforce *in personam* judgments).

Given that Mr. Portmann holds some $7,200.00 in his inmate trust account, it is "possible" for him to reduce his restitution debt faster than the prescribed minimum schedule. Under 18 U.S.C. § 3664(n) and the terms of the Amended Judgment, he must do so. His victims deserve nothing less. 18 U.S.C. § 3771(a)(6) (victims' right to "full and timely restitution as provided in law.").

Finally, the money in Mr. Portmann's inmate trust account is not exempt from collection. The narrowly confined exemptions available to criminal restitution debtors are enumerated in 18 U.S.C. § 3613(a), and none applies to cash held in accounts.[2]

The United States will serve Mr. Portmann with this motion, and he may respond if he objects. The United States is not aware of any other party who may claim an interest in this property.

---

[2] Because of the mandatory relief available under 18 U.S.C. § 3664(n), the United States does not rely upon 18 U.S.C. § 3664(k), which authorizes the Court to "adjust the [restitution] payment schedule, or require immediate payment in full," upon receiving notice of a "material change in the defendant's economic circumstances."



**UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970**

## CONCLUSION

For all the foregoing reasons, the United States requests that the Court grant its motion and order that the BOP turn over the full balance of Mr. Portmann's inmate trust account, less $100.00, to the Clerk of the U.S. District Court for the Western District of Washington, to be applied to his restitution obligation in this case.

DATED this 5th day of September 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

s/ Kyle A. Forsyth
KYLE A. FORSYTH, WSBA # 34609
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-4067
E-mail: Kyle.Forsyth@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I am a Paralegal Specialist in the office of the United States Attorney for the Western District of Washington, and am a person of such age and discretion as to be competent to serve papers;

That on September 5, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the parties;

That on September 5, 2017, I caused copies of the United States' Motion to Authorize Payment from BOP Inmate Trust Account and [Proposed] Order to Authorize Payment from Inmate Trust Account to be delivered to the Defendant/ Judgment Debtor, Shawn L. Portmann, by placing an envelope marked "Legal Mail – Open in the Presence of the Inmate" containing said documents into the United States Mail, postage prepaid, by First Class Mail, addressed as follows:

Shawn L. Portmann
Register No. 41496-086
FCI Sheridan
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

On the same date I also mailed courtesy copies to:

Warden
FCI Sheridan
Federal Correctional Institution
P.O. Box 8000
Sheridan, OR 97378

//

//



UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
PHONE: 206-553-7970

DATED this 5th day of September, 2017.

s/ Dawn H. Fernandez
Dawn H. Fernandez, Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-4308
Facsimile: (206) 553-4073
E-mail: dawn.fernandez@usdoj.gov